UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 17 2017 ★
BROOKLYN OFFICE

---

SECURITIES AND EXCHANGE
COMMISSION,

  Plaintiff,

-against-

ROBERT BANDFIELD,
ANDREW GODFREY, and
IPC CORPORATE SERVICES LLC,

  Defendants.

No. 14-cv-5271(ILG)(RER)

---



### [PROPOSED] DEFAULT JUDGMENT AND ORDER AS TO ALL DEFENDANTS

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint on September 9, 2014, Defendants Robert Bandfield ("Bandfield"), Andrew Godfrey ("Godfrey"), and IPC Corporate Services, LLC ("IPC") (collectively "Defendants") having failed to answer, plead or otherwise defend this action, a default having been entered on March 28, 2017, the Court having considered the Commission's motion for entry of a default judgment (the "Motion") and all the pleadings and evidence submitted in support thereof; and the Court having determined that Bandfield, Godfrey and IPC are neither infants nor incompetent persons and are not in the military service of the United States:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Motion is GRANTED for the reasons set forth in the Commission's papers supporting the Motion.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 13 of the Securities Exchange Act of

1934 ("Exchange Act") [15 U.S.C. § 78m] and Rule 13d-1 promulgated thereunder [17 C.F.R. § 240.13d-1] by, after acquiring directly or indirectly the beneficial ownership of more than 5% of classes of equity securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], failing to file with the Commission statements containing the information required by Schedule 13D and/or Schedule 13G [17 C.F.R. § 240.13d-101 or § 240.13d-102] within the time period prescribed.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Bandfield and Godfrey are permanently barred, pursuant to Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)], from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated:     April 17, 2017
           Brooklyn, New York

                                                  s/I. Leo Glasser, USDJ
                                                  The Honorable I. Leo Glasser, U.S.D.J.